C:\DICT\FED\MORALES-COMPLAINT.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO DELGADO MORALES | § | |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF SUGAR LAND AND | § | CIVIL ACTION NO.: **4:13-cv-3575** |
| JEFFREY GLASS IN HIS OFFICIAL | § | |
| CAPACITY AS A POLICE OFFICER | § | |
| FOR THE CITY OF SUGAR LAND | § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

This action is brought pursuant to 42 U.S.C. Section 1981, 1983, 1988 and the 4th, 5th, and 14th Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1341 (1)(2)(3) and the aforementioned statutory and constitutional provisions. Plaintiff invokes the pendent jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy exceeds Ten Thousand and No/100 Dollars ($10,000.00) excluding interest or cost.

### PARTIES AND SERVICE

1.   Plaintiff, **ARMANDO DELGADO MORALES**, is a citizen of the United States and the State of Texas and resides at: 2513 Princess Ln., Missouri City, Texas 77459. The Plaintiff, **ARMANDO DELGADO MORALES,** (hereinafter referred to as "Plaintiff" or "Morales"), and is presently before the Court for all purposes.

2. Defendants, **THE CITY OF SUGAR LAND AND JEFFREY GLASS IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF SUGAR LAND,** (hereinafter referred to as "Defendants"), can be served as follows:

**JEFFREY GLASS** is an individual and may be served with process at: City of Sugar Land Police Department, 1200 Hwy 6, Sugar Land, Texas 77478; **THE CITY OF SUGAR LAND** is a municipality and can be served by serving its **CITY MANAGER, ALLEN BOGARD** at: City Hall, 2700 Town Center Blvd. N., Sugar Land, Texas 77479-1280.

## JURISDICTION

3. The action arises under 42 U.S.C. Section 1981, 1983 and 1988 and the 4th, 5th, and 14th Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1341 (1)(2)(3).

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 1983, as the City of Sugar Land's Police Department has instituted specific policies which discriminate against Morales and has subjected Morales to disparate treatment, thus causing financial harm.

## FACTS CONCERNING ARREST

6. **ARMANDO DELGADO MORALES** was operating a motor vehicle on January 22, 2012, in the City of Sugar Land, Texas. **JEFFREY GLASS** while acting in his official capacity as a police officer for the City of Sugar Land, Texas illegally arrested **ARMANDO DELGADO MORALES** on January 22, 2012.

Defendant, **JEFFERY GLASS** negligently used equipment provided to him by the City of Sugar Land to erroneously determine that a warrant was active on **ARMANDO DELGADO MORALES**. In truth and in fact, the subject of the warrant was for **Armando Silvero Morales**. **ARMANDO DELGADO MORALES** insisted repeatedly that he was not the subject of the warrant that had been issued for **Armando Silvero Morales**. Defendant, **GLASS** proceeded to arrest and incarcerate **ARMANDO DELGADO MORALES**. The illegal arrest was conducted in the presence of **ARMANDO DELGADO MORALES'** wife and three (3) minor children.

**ARMANDO DELGADO MORALES** would show that his civil rights were violated as a result of a policy of the City of Sugar Land whereby it permitted the arrest of individuals without adequate verification of their identity.

### FACTS CONCERNING CLAIM OF DISCRIMINATION DUE TO PLAINTIFF'S RACE

7. Plaintiff would allege that the fact that he is a Hispanic male was the primary reason why the officer in question assumed that he had committed a crime. Plaintiff would show that he was subjected to disparate treatment and that he was arrested due to his race. Plaintiff would also allege that the Defendants knew that Plaintiff was a member of a protected class.

### DAMAGES

8. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

    a.    Lost opportunity costs;

    b.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c.    All reasonable and necessary costs incurred in pursuit of this suit;

    d.    Emotional pain;

    e.    Expert fees as the Court deems appropriate;

    f.    Inconvenience;

    g.    Prejudgment interest;

    h.    Loss of enjoyment of life;

    i.    Mental anguish in the past;

    j.    Mental anguish in the future; and,

    k.    Humiliation.

## ATTORNEY'S FEES

9. Plaintiff requests an award of attorney's fees pursuant to 42 U.S.C. Section 1988. Plaintiff prays for the award of attorney's fees at the trial level and at all stages of appeal.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **ARMANDO DELGADO MORALES,** respectfully prays that the Defendants be cited to appear and answer herein,

and that upon a final hearing of the cause, Judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF GREGORY W. CANFIELD, P.C.

GREGORY W. CANFIELD
State Bar No: 03741400
888 Isom Road, Suite 203
San Antonio, Texas 78216
Tel (210) 344-3366
Fax (210) 344-4346
Attorney for Plaintiff, **Armando Delgado Morales**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**