IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARMANDO DELGADO MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3575 |
| | § | |
| THE CITY OF SUGAR LAND AND | § | |
| JEFFREY GLASS IN HIS OFFICIAL | § | |
| CAPACITY AS A POLICE OFFICER | § | |
| FOR THE CITY OF SUGAR LAND, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Armando Delgado Morales — an individual of Hispanic origin, brings this action against the City of Sugar Land, and Jeffrey Glass ("Officer Glass") in his official capacity as a police officer for the City of Sugar Land, for claims arising from an allegedly illegal arrest.[1]   Pending before the court is Defendants' Motion for Summary Judgment (Docket Entry No. 20).   For the reasons explained below, the motion will be granted.

## I.   Factual and Legal Allegations

Plaintiff alleges that on or about January 22, 2012, he was illegally arrested by Officer Glass.   Plaintiff alleges that Officer Glass negligently used equipment provided by the City to erroneously determine that a warrant was active for him, when in

---

[1]See Plaintiff's First Amended Complaint and Jury Demand, Docket Entry No. 16.

truth and fact, the subject of the warrant was an individual with a similar name.    Plaintiff alleges that Officer Glass had plaintiff's drivers license and his social security number, and that before arresting him, Officer Glass had a series of conversations with his superiors via the radio in his police vehicle.  Plaintiff alleges that after confirming with is superiors that arresting plaintiff was within guidelines used by the Sugar Land Police Department, Officer Glass arrested him in the presence of his wife and three minor children, and that the arrest caused him financial harm.[2]

Asserting that he will "show that his civil rights were violated as a result of a policy of the City of Sugar Land whereby it permits the arrest of individuals without adequate verification of their identity if they are of Hispanic origin,"[3] Plaintiff alleges that

> the fact that he is a Hispanic male was the primary
> reason why the officer in question assumed that he had
> committed a crime.   Plaintiff would show that he was
> subjected to disparate treatment and that he was arrested
> due to his race.   Plaintiff would also show that the
> Defendants knew that Plaintiff was a member of a
> protected class.[4]

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, and 1988, asserting that his allegedly illegal arrest violated his

---

[2]Id. at 3-4 ¶ 6.

[3]Id.

[4]Id. at ¶ 7.

civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.[5]   Alleging that **"GLASS** used his radio contained in his police vehicle to communicate with officials employed by the City of Sugar Land in order to determine whether or not Plaintiff **MORALES** should be arrested,"[6] plaintiff also asserts claims for violation of the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.021 et seq.[7]

## II. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.   Fed.R.Civ.P. 56(c).   See also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).   An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.   Anderson v. Liberty Lobby, 106 S. Ct. 2505, 2510 (1986).   In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

---

[5]Id. at 1.

[6]Id. at ¶ 8.

[7]Id.

### III. **Defendants' Motion for Summary Judgment**

Defendants argue that they are entitled to summary judgment on all of plaintiff's claims because plaintiff is unable to present evidence capable of supporting a claim under federal or state law.[8] Over three months have passed since defendants filed the pending motion for summary judgment on January 7, 2015.   More than two months have passed since plaintiff's response to the pending motion was due.   But plaintiff has not responded to defendants' motion. Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."   S.D. Tex. R. 7.3 (2000).   Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.   Responses to motions
>
> A.    Must be filed by the submission day;
> B.    Must be written;
> C.    Must include or be accompanied by authority; and
> D.    Must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000).   In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the defendants' motion for summary judgment as a representation of no opposition to defendants' summary judgment evidence.

Although a district court may not grant summary judgment by default simply because there is no opposition to the motion, the

---

[8]Defendant's Motion for Summary Judgment, Docket Entry No. 20.

court may accept as undisputed the movant's version of the facts and grant a motion for summary judgment when the movant has made a prima facie showing of entitlement thereto. See John v. State of Louisiana (Board of Trustees for the State Colleges and Universities), 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's summary judgment evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment absent unusual circumstances); and Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988)(when the nonmovant fails to respond to a motion for summary judgment, the court does not err by granting the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law).

## A.    Federal Law Claims

Alleging that the City of Sugar Land and Officer Glass violated his civil rights by arresting him because of his Hispanic race, plaintiff asserts federal law claims against the defendants under 42 U.S.C. §§ 1981, 1983, and 1988.  Liberally construed, Plaintiff's First Amended Complaint alleges that defendants arrested him without probable cause in violation of the Fourth Amendment and violated his right to equal protection under the law as guaranteed by the Fourteenth Amendment.

1.    Applicable Law

A governmental entity can be sued and subjected to monetary damages and injunctive relief under § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right.  Monell v. Department of Social Services of City of New York, 98 S. Ct. 2018, 2037-38 (1978) (§ 1983).  In Jett v. Dallas Independent School District, 109 S. Ct. 2702, 2722 (1989), the Supreme Court held that "Section 1983 provides an explicit remedy in damages which, with its limitations on municipal liability, Congress thought 'suitable to carry . . . into effect' the rights guaranteed by § 1981 as against state actors."  A municipality may not be held liable under § 1983 on the basis of respondeat superior or vicarious liability.  Monell, 98 S. Ct. at 2037-38.  Municipal liability under § 1983 requires proof of (1) a policy maker; (2) an official policy; and (3) a violation of a constitutional right whose moving force is the policy or custom. Id.  See also Cox v. City of Dallas, Texas, 430 F.3d 734, (5th Cir. 2005) ("Municipal liability under both § 1981 and § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'").  Section 1988 allows courts to award attorneys' fees to prevailing parties in civil rights actions.  See Farrar v. Hobby, 113 S.Ct. 566, 571 (1992).

2.    Application of the Law to the Undisputed Facts

(a)   Claims Asserted Against Officer Glass

Plaintiff's action against Officer Glass in his official capacity is in essence an action against the City of Sugar Land. See Brandon v. Holt, 105 S. Ct. 873, 878 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"); Goodman v. Harris County, 571 F.3d 388, 396 (5th Cir. 2009), cert. denied, 130 S. Ct. 1143 and 1146 (2010) ("official capacity suits are really suits against the governmental entity").  Plaintiff has neither alleged nor produced any evidence capable of showing that Officer Glass is a final policymaker whose actions may be directly imputed to the City under § 1981 or § 1983.   See Brooks v. George County, Mississippi, 84 F.3d 157, 165 (5th Cir. 1996) (noting that "even a single decision may create municipal liability *if* that decision were made by a final policymaker responsible for that activity") (emphasis in original) (quotation marks and citations omitted). Accordingly, under Monell, 98 S. Ct. at 2018, and Jett, 109 S. Ct. at 2702, Officer Glass's actions alone cannot form the basis for a § 1981 or a § 1983 claim against the City of Sugar Land. Defendants are therefore entitled to summary judgment on the claims asserted against Officer Glass in his official capacity because those claims are actually claims against the City of Sugar Land, which is also a defendant in this action.

-7-

(b)   Claims Asserted Against the City of Sugar Land

**(1)   Plaintiff Has Failed to Raise a Fact Issue as to a Claim for Violation of the Fourth Amendment**

Plaintiff's allegations that Officer Glass wrongfully arrested him raises a claim for violation of the Fourth Amendment. The Fourth Amendment prohibits arrests made without probable cause. Blackwell v. Barton, 34 F.3d 298, 303 (5th Cir. 1994). The Fourth Amendment is made applicable to state defendants through the Fourteenth Amendment. Severance v. Patterson, 566 F.3d 490, 501 (5th Cir. 2009) (citing Ker v. California, 83 S. Ct. 1623, 1628 (1963)). "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Piazza v. Mayne, 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting Michigan v. DeFillippo, 99 S. Ct. 2627, 2632 (1979)). This is an objective standard based only on the facts known by the officer at the time of the arrest. Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009). Generally, an arrest made pursuant to a properly issued warrant does not violated rights guaranteed by the Fourth and Fourteenth Amendments. Mack v. City of Abilene, 461 F.3d 547, 552 (5th Cir. 2006)(per curiam) (quoting Baker v. McCollan, 99 S. Ct. 2689, 2695 (1979) ("The Constitution does not

guarantee that only the guilty will be arrested.")).   The Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person.  Blackwell, 34 F.3d at 303 (citing Hill v. California, 91 S. Ct. 1106 (1971)).  However, in certain limited circumstances, an arrest made pursuant to a warrant can violate the Fourth Amendment. See Vance v. Nunnery, 137 F.3d 270, 273-74 (5th Cir. 1998) (suggesting that an arrest made pursuant to a valid warrant may be unconstitutional if the arresting officer possessed conclusive evidence of arrestee's innocence of the crime for which the warrant issued); Club Retro, 568 F.3d at 205 n. 20 (when the arresting officer is responsible for securing the warrant, courts also consider the warrant's validity).

The City of Sugar Land argues that it is entitled to summary judgment on plaintiff's false arrest claim because plaintiff is unable to cite evidence capable of establishing that he suffered a violation of his right to be free from arrest without probable cause in violation of the Fourth Amendment.  In support of this argument the City of Sugar Land has presented evidence that the arresting officer — Officer Glass — had probable cause to arrest the plaintiff on January 22, 2012.  As evidence that Officer Glass had probable cause to arrest the plaintiff on January 22, 2102, the

City of Sugar Land points to the offense and arrest report in which

Officer Glass wrote:

> On 01/22/2012 at approximately 2114 hours I Officer Glass
> was in service and on duty working as a one man patrol
> unit for the city of Sugar Land Police Department.   At
> that time I observed a silver Mazda 3 SUV Texas LP
> TXN[***] traveling southbound on State Highway 6, in the
> 2800 blk, Sugar Land, Ft. Bend County, Texas, moving at
> a high rate of speed.  I initiated my unit's front moving
> radar and observed the vehicle was traveling at 56MPH in
> a posted 45MPH speed zone.
>
> I determined to make a traffic stop for the observed
> violation.  As I approached Settlers Way on south bound
> SH 6, the vehicle was in the left inner lane, and I
> initiated my units (343) overhead flashing red/blue
> lights and front wig-wags.  The driver of the vehicle
> turned left and pulled over to the right curb on Old Mill
> Rd in the 3700 blk of SH 6.
>
> I approached the driver and asked for his diver's license
> and proof of financial responsibility.   He identified
> himself by his Texas DL# . . . as:
>
> Armando Morales W/M 10/24/1979
>
> I had dispatch run his information through TCIC/NCIC.
> Mr. Morales was found to have an outstanding TCIC/NCIC
> warrant out of Bexar County as follows:
>
> #1003927 Fail to Stop and Give Information (Class B)
> Bond: $800
>
> The warrant was confirmed by Bexar County Scott Gresham
> and confirmation sent at 2125 hours.
>
> At approximately 2129 hours I took Mr. Morales into
> custody for the warrant. . .[9]

The City of Sugar Land also points to Officer Glass's

declaration in which he stated:

---

[9]Docket Entry No. 20-3, pp. 2 and 3.

-10-

3.  On January 22, 2012, while performing my duties as a City of Sugar Land, Texas, police officer, I observed Plaintiff Armando Morales driving a Mazda SUV traveling at a rate of speed of 56 miles per hour on a roadway with a maximum speed limit of 45 miles per hour. Upon observing this violation of the Texas Traffic Code, I stopped the speeding vehicle and asked Plaintiff Morales to produce his driver license. Plaintiff Morales provided a Texas driver license which displayed the personal identification number ****227, a name Armando Morales, and the date of birth of 10/24/1979.

4.  I arrested Armando Morales because a police telecommunications operator informed me that verified State law enforcement computer records showed that a warrant was outstanding for *his* arrest. The information I provided to the telecommunications operator regarding Morales' identity came directly from the Texas driver license he handed to me. I provided Morales' unique driver license number to the telecommunications operator and asked her to check statewide law enforcement computer records to determine the registered owner of the vehicle he had been driving, the validity of the driver license Morales presented, and whether any warranted existed for his arrest.

5.  With my arrest report, I submitted a copy of the records which show the queries the telecommunications operator performed. She first checked the license plate number TXN****. Second she checked Morales' individual Texas driver license number ****227. Third, she checked records included in my report to establish that the police computer showed a warrant outstanding for Armando Morales, date of birth 10/24/1979. Additionally, before I arrested Morales, Bexar County sent a teletype to the Sugar Land police telecommunications operator which confirmed the existence of an outstanding arrest warrant for Armando Morales, date of birth 10.24.1979. This confirming communication is also included in my report. After the communications operator informed me that Bexar County confirmed the validity of the arrest warrant, I arrested Morales based upon the

-11-

reasonable belief that he was the individual identified in the warrant.[10]

Plaintiff has not cited any evidence capable of supporting a claim that he was arrested on January 22, 2012, without probable cause in violation of the Fourth Amendment.  Plaintiff has not cited any evidence capable of showing that Officer Glass did not reasonably believe that plaintiff was the individual identified in a Bexar County warrant, or that Officer Glass knew that plaintiff was innocent of the crime for which a Bexar County warrant had been issued.  Moreover, plaintiff testified at his deposition that he and the person for whom the warrant had been issued had different middle names but shared the same first and last names and the same date of birth.  In relevant part plaintiff testified:

> Q.   And you now know that the person that they were looking for, his name was -- let's see --
>
> A.   Armando Silverio Morales.
>
> Q.   Great.  And so the difference would be the middle name was different between you and the guy they were looking for; is that right?
>
> A.   Correct.
>
> Q.   But your birth date and the guy that they were looking for, you have the identical birth date; is that correct?
>
> A.   I believe so.  They wouldn't tell me much about his -- about that warrant or anything like that so --
>
> Q.   Well, tell me your birth date.

---

[10]Declaration of Officer Jeffrey Glass, Docket Entry No. 20-4, pp. 1-2 ¶¶ 3-5.

A.   10-24-79.

Q.   So if the guy they were looking for had the birth
     date of 10-24-79, then you and he share the same
     birth date and shared the same first and last name.

A.   Correct.

Q.   But what was different is you had a different
     middle name?

A.   Correct, and our socials.

Q.   Do you know whether or not the Social Security
     number was on the warrant that they had for the
     other guy?

A.   I do not.  They didn't show me any information like
     that.[11]

Nor has plaintiff cited any evidence from which a jury could

reasonable infer that the Bexar County warrant pursuant to which he

was arrested was not valid.  Accordingly, the court concludes that

the City of Sugar Land is entitled to summary judgment on any claim

that plaintiff has asserted or attempted to assert for false arrest

in violation of the Fourth Amendment because plaintiff has failed

to cite any evidence capable of establishing that his arrest on

January 22, 2012, was not made pursuant to a valid warrant or that

the arresting officer did not have a reasonable, good faith belief

that he was arresting the correct person.  Alternatively, the court

concludes that defendants are entitled to summary judgment on any

claim that plaintiff has asserted for claim for wrongful arrest

---

[11]Deposition of Armando Delgado Morales, Docket Entry No. 20-6,
pp. 33:16-34:19.

without probable cause because plaintiff has failed to allege or cite any evidence capable of establishing that defendants violated rights guaranteed by the Fourth Amendment based on an official policy or a decision made by a final policy maker.  See Monell, 98 S. Ct. at 2037-38.

### (2)   Plaintiff Has Failed to Raise a Fact Issue as to an Equal Protection Claim for Violation of the Fourteenth Amendment

Plaintiff's allegations that defendants discriminated against him on the basis of his Hispanic race, raises an equal protection claim in violation of the Fourteenth Amendment.  For his race-based equal protection claim, plaintiff must demonstrate that defendants intentionally discriminated against him on the basis of his race. Hampton Company National Surety, LLC. v. Tunica County, Mississippi, 543 F.3d 221, 228 (5th Cir. 2008) (equal protection claim under 42 U.S.C. § 1983 requires showing that arresting officer was motivated by discriminatory intent); Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) ("To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute.").

-14-

Defendants have presented evidence that the arresting officer — Officer Glass — was not aware of plaintiff's Hispanic heritage and did not arrest him because of his race.  Defendants point to the offense and arrest report, in which Officer Glass identified plaintiff as a white male.[12]   Defendants also point to Officer Glass's declaration in which he stated

> I had no intention of discriminating against Morales because he is a racial minority.  I did not arrest him based upon his race.  I arrested him *only* because I believed a warrant existed for his arrest after the telecommunications operator represented to me that police computer records confirmed a valid warrant existed. Based upon that information, I exercised legitimate law enforcement discretion and arrested Morales in accordance with training I had previously been provided that was approved by the Texas Commission on Law Enforcement (TCOLE).[13]

Plaintiff has not cited any evidence in support his claim of unequal treatment based on race, i.e., plaintiff has not pointed to any evidence that he was treated differently because of his race. Nor has plaintiff set forth any other evidence from which a jury could reasonably infer that his arrest was not motivated by Officer Glass's reasonable, good faith belief that plaintiff he was the subject of a valid arrest warrant from Bexar County but, instead, that his arrest was motivated by discriminatory intent because plaintiff was Hispanic.  Moreover, plaintiff testified at his

---

[12]Docket Entry No. 20-3, pp. 2 and 3.

[13]Declaration of Officer Jeffrey Glass, Docket Entry No. 20-4, p. 2 ¶ 6.

deposition that he had no reason to believe that Officer Glass arrested him for any reason other than the belief that he was the individual named in the Bexar County warrant.  Plaintiff testified:

> Q.    Okay.  Did Officer Glass ever say anything to you that made you think that he was arresting you for some reason other than his belief you had a warrant?
>
> A.    No, sir.
>
> Q.    Do you have any information to suggest that Officer Glass arrested you for some reason other than his belief you had a warrant?
>
> A.    No, just him believing I was the person in that warrant.[14]

The court concludes that the City of Sugar Land is entitled to summary judgment on any claim that plaintiff has asserted or attempted to assert for discriminatory arrest because plaintiff has failed to cite any evidence capable of establishing that his arrest on January 22, 2012, violated his Fourteenth Amendment right to be free from discriminatory enforcement of the law based on his race. Alternatively, the court concludes that defendants are entitled to summary judgment on plaintiff's equal protection claim because plaintiff has failed to allege or cite any evidence capable of establishing that defendants violated rights guaranteed by the Fourteenth Amendment based on an official policy or on a decision made by a final policy maker.  See Monell, 98 S. Ct. at 2037-38.

---

[14]Deposition of Armando Delgado Morales, Docket Entry No. 20-6, pp. 52:18-53:1.

**B.    State Law Claims**

Municipalities and political subdivisions such as Sugar Land
have governmental immunity except where the state legislature has
waived that immunity in the Texas Tort Claims Act (TTCA). See Tex.
Civ. Prac. & Rem. Code § 101.21; Mission Consolidated Independent
School District v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008). The
limited waiver of governmental immunity provided by the TTCA is for
tort claims arising out of the use of publicly owned vehicles,
premises defects, and for injuries arising out of conditions or use
of property. Garcia, 253 S.W.3d at 655. The Texas Supreme Court
has held that all common law tort claims alleged against a
governmental unit are assumed to be governed by the TTCA regardless
of whether the TTCA waives immunity for a particular claim.
Franka v. Velasquez, 332 S.W.3d 367, 379 and 385 (Tex. 2011). The
TTCA does not waive immunity for intentional torts, such as
assault, battery, false imprisonment, malicious prosecution, and
false arrest. See Tex. Civ. Prac. & Rem. Code § 101.057(2). See
also Franka, 332 S.W.3d at 376 & n. 35. Moreover, if a plaintiff
sues both a governmental unit and any of its employees under the
TTCA, as plaintiff has in this case, the claims asserted against
the employees are subject to dismissal under Tex. Civ. Prac. & Rem.
Code § 101.106(e) if the employee has been sued in his individual
capacity and under § 101.106(f) if the employee has been sued in

-17-

his official capacity.  See Stinson v. Fontenot, 435 S.W.3d 793,
794 (Tex. 2014) (per curiam).

Here, plaintiff sued the City of Sugar Land and its employee,
Officer Glass, in his official capacity.  "For purposes of the
TTCA, an employee is considered to have been sued in his official
capacity when the suit (1) is based on conduct within the general
scope of his employment, and (2) could have been brought under the
TTCA against the government.  Stinson, 435 S.W.3d at 794.
Plaintiff does not dispute that his suit against Officer Glass is
based on conduct within the general scope of his employment.
Moreover, plaintiff has asserted the same claims against both
Officer Glass and the City of Sugar Land.  Officer Glass is
therefore entitled to summary judgment on the TTCA claim asserted
against him under Tex. Civ. Prac. & Rem. Code § 101.106(f).

Plaintiff's TTCA claim against the City of Sugar Land fares no
better.  A Texas city is a "governmental unit" covered by the TTCA.
Tex. Civ. Prac. & Rem. Code § 101.001(3)(B).  The TTCA expressly
does not apply to claims "arising out of assault, battery, false
imprisonment, or any other intentional tort."  Tex. Civ. Prac. &
Rem. Code § 101.057(2).  False arrest is an intentional tort under
Texas law.  See Stinson, 435 S.W.3d at 793 (including "wrongful
arrest" and malicious prosecution in a list of intentional torts).
This means that plaintiff's TTCA claim against the City of Sugar
Land does not fall within the limited waiver of governmental

-18-

immunity provided by the TTCA, and is thus precluded by the City of Sugar Land's immunity as a governmental entity.   Accordingly, the City of Sugar Land is entitled to summary judgment on the TTCA claim asserted against it.

## IV.  Conclusions and Order

For the reasons explained above the court concludes that the defendants are entitled to summary judgment on all of the federal and state law claims asserted against in this action.   Accordingly, Defendants' Motion for Summary Judgment (Docket Entry No. 20), is **GRANTED**.

**SIGNED** at Houston, Texas, this 9th day of April, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE